## LEWIS v. CROW.

EVIDENCE.—*Contract*—Upon the trial of an action to recover for work done and material furnished in building a house, the defendant offered in evidence a writing purporting to be a contract, which was shown to have been drawn up at the request of the plaintiff, but which was not signed by either party.

*Held*, that the paper was not admissible.

NEW TRIAL.—*Newly-Discovered Evidence.—Diligence.*—When newly-discovered evidence is relied upon as a cause for a new trial, due diligence in procuring such evidence must be shown, to make it available.

From the Huntington Circuit Court.

*L. P. Milligan* and *A. Moore*, for appellant.

*J. C. Branyan, C. W. Watkins, J. M. Hatfield* and *J. T. Alexander*, for appellee.

SCOTT, J.—This action was against the appellant, by the appellee, for work and labor done, and materials furnished, in building and repairing a dwelling-house.

Answer: General denial; set-off; counter-claim for damages, on account of work not having been done in a workman-like manner.

Reply: General denial. Trial by jury; verdict for the appellee, in the sum of one hundred and fifty dollars; motion for a new trial overruled, and exception; and judgment on the verdict.

The only error assigned is the overruling of the motion for a new trial.

The causes for a new trial were:

1. That the verdict of the jury is contrary to the evidence;

2. That the verdict of the jury is contrary to law;

3. For error occurring during the trial, in this, to wit, that the court erred in refusing certain evidence offered by the defendant, calling the attention of the court to the particular evidence excluded; and,

4. " That the lookouts to said house are only on two

sides of the same, as set out in the affidavits marked 'Exhibit A,' made a part hereof."

We are unable to say that the verdict is contrary to the evidence. We are unable to see how the verdict is contrary to law.

On the trial, the defendant offered in evidence a paper purporting to be a contract. This paper was shown to have been drawn by an attorney, at the request of the appellee. It was not signed by either the appellee or the appellant. The court refused to allow the paper to go in evidence.

We are of opinion that there is no error in this ruling.

The suit was commenced on the 9th day of March, 1877. The trial was on the 31st day of March, 1877. On the 2d day of April, and after the verdict of the jury was returned, the appellant procured William Delvin and Peter L. Paulus to examine the house on which the work had been done, and they made and filed an affidavit as to certain parts of the work, which they claimed and swore had not been done in a workman-like manner. They were witnesses on the trial of the cause. They stated in their affidavit that the defects mentioned were unknown to them, when they testified at the trial of the cause. There was no affidavit of the appellant filed with the motion.

We are of opinion that no sufficient diligence was shown in procuring the evidence.

The judgment is affirmed, at the costs of the appellant.